```
 1  BILAL A. ESSAYLI
    United States Attorney
 2  LINDSEY GREER DOTSON
    Assistant United States Attorney
 3  Chief, Criminal Division
    GREGORY S. SCALLY (Cal. Bar No. 268073)
 4  Assistant United States Attorney
    Santa Ana Branch Office
 5       United States Courthouse
         411 West Fourth Street, Suite 8000
 6       Santa Ana, California 92701
         Telephone: (714) 338-3592
 7       Facsimile: (714) 338-3708
         E-mail:    gregory.scally@usdoj.gov
 8
    Attorneys for Plaintiff
 9  UNITED STATES OF AMERICA
```

> FILED
> CLERK, U.S. DISTRICT COURT
> APR - 8 2025
> CENTRAL DISTRICT OF CALIFORNIA
> BY              DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| UNITED STATES OF AMERICA, | No. 8:25-mj-00195-DUTY |
|---|---|
| Plaintiff, | GOVERNMENT'S NOTICE OF REQUEST FOR DETENTION |
| v. | |
| JOSE LUIS PEREZ HERNANDEZ, | |
| Defendant. | |

Plaintiff, United States of America, by and through its counsel of record, hereby requests detention of defendant and gives notice of the following material factors:

☒ 1. Temporary 10-day Detention Requested (§ 3142(d)) on the following grounds:

    ☐ a. present offense committed while defendant was on release pending (felony trial),

    ☒ b. defendant is an alien not lawfully admitted for permanent residence; and

1    ☒   c.    defendant may flee; or
2    ☒   d.    pose a danger to another or the community.
3   ☒   2.   Pretrial Detention Requested (§ 3142(e)) because no
4       condition or combination of conditions will reasonably
5       assure:
6    ☒   a.    the appearance of the defendant as required;
7    ☒   b.    safety of any other person and the community.
8   ☐   3.   Detention Requested Pending Supervised Release/Probation
9       Revocation Hearing (Rules 32.1(a)(6), 46(d), and 18 U.S.C.
10       § 3143(a)):
11    ☐   a.    defendant cannot establish by clear and convincing
12         evidence that he/she will not pose a danger to any
13         other person or to the community;
14    ☐   b.    defendant cannot establish by clear and convincing
15         evidence that he/she will not flee.
16   ☐   4.   Presumptions Applicable to Pretrial Detention (18 U.S.C.
17       § 3142(e)):
18    ☐   a.    Title 21 or Maritime Drug Law Enforcement Act ("MDLEA")
19         (46 U.S.C. App. 1901 *et seq.*) offense with 10-year or
20         greater maximum penalty (presumption of danger to
21         community and flight risk);
22    ☐   b.    offense under 18 U.S.C. §§ 924(c), 956(a), 2332b, or
23         2332b(g)(5)(B) with 10-year or greater maximum penalty
24         (presumption of danger to community and flight risk);
25    ☐   c.    offense involving a minor victim under 18 U.S.C.
26         §§ 1201, 1591, 2241, 2242, 2244(a)(1), 2245, 2251,
27         2251A, 2252(a)(1)-(a)(3), 2252A(a)(1)-2252A(a)(4),
28

|   |   |   |   |
|---|---|---|---|
| 1 |   |   | 2260, 2421, 2422, 2423 or 2425 (presumption of danger |
| 2 |   |   | to community and flight risk); |
| 3 | ☐ | d. | defendant currently charged with an offense described |
| 4 |   |   | in paragraph 5a - 5e below, AND defendant was |
| 5 |   |   | previously convicted of an offense described in |
| 6 |   |   | paragraph 5a - 5e below (whether Federal or |
| 7 |   |   | State/local), AND that previous offense was committed |
| 8 |   |   | while defendant was on release pending trial, AND the |
| 9 |   |   | current offense was committed within five years of |
| 10 |   |   | conviction or release from prison on the above- |
| 11 |   |   | described previous conviction (presumption of danger to |
| 12 |   |   | community). |
| 13 | ☒ | 5. | Government Is Entitled to Detention Hearing Under § 3142(f) |
| 14 |   |   | If the Case Involves: |
| 15 | ☐ | a. | a crime of violence (as defined in 18 U.S.C. |
| 16 |   |   | § 3156(a)(4)) or Federal crime of terrorism (as defined |
| 17 |   |   | in 18 U.S.C. § 2332b(g)(5)(B)) for which maximum |
| 18 |   |   | sentence is 10 years' imprisonment or more; |
| 19 | ☐ | b. | an offense for which maximum sentence is life |
| 20 |   |   | imprisonment or death; |
| 21 | ☐ | c. | Title 21 or MDLEA offense for which maximum sentence is |
| 22 |   |   | 10 years' imprisonment or more; |
| 23 | ☐ | d. | any felony if defendant has two or more convictions for |
| 24 |   |   | a crime set forth in a-c above or for an offense under |
| 25 |   |   | state or local law that would qualify under a, b, or c |
| 26 |   |   | if federal jurisdiction were present, or a combination |
| 27 |   |   | or such offenses; |
| 28 |   |   |   |

1
2    ☐    e.    any felony not otherwise a crime of violence that
3                  involves a minor victim or the possession or use of a
4                  firearm or destructive device (as defined in 18 U.S.C.
5                  § 921), or any other dangerous weapon, or involves a
6                  failure to register under 18 U.S.C. § 2250;
7    ☒    f.    serious risk defendant will flee;
8    ☐    g.    serious risk defendant will (obstruct or attempt to
9                  obstruct justice) or (threaten, injure, or intimidate
10                 prospective witness or juror, or attempt to do so).
11    ☐    6.    Government requests continuance of \_\_\_\_\_ days for detention
12                  hearing under § 3142(f) and based upon the following
13                  reason(s):
14
15 _____
16 _____
17 _____
18 //
19 //
20 //
21 //
22 //
23 //
24 //
25 //
26 //
27 //
28 //

☐ 7.  Good cause for continuance in excess of three days exists in that:

_____

_____

_____

_____

Dated: April 8, 2025        Respectfully submitted,

BILAL A. ESSAYLI
United States Attorney

ANNE C. GANNON
Assistant United States Attorney
Chief, Orange County Office

_/s/ Gregory S. Scally_____
GREGORY S. SCALLY
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA

5