BILAL A. ESSAYLI
United States Attorney
CHRISTINA T. SHAY
Assistant United States Attorney
Chief, Criminal Division
KRISTIN N. SPENCER (Cal. Bar No. 294692)
Assistant United States Attorney
Orange County Office
     8000 United States Courthouse
     411 West Fourth Street
     Santa Ana, California 92701
     Telephone: (714) 338-3531
     Facsimile: (714) 338-3708
     E-mail:    kristin.spencer@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. SA CR 25-72-JWH |
|---|---|
| Plaintiff, | STIPULATION REGARDING REQUEST FOR (1) CONTINUANCE OF TRIAL DATE AND (2) FINDINGS OF EXCLUDABLE TIME PERIODS PURSUANT TO SPEEDY TRIAL ACT |
| v. | |
| JOSE LUIS PEREZ HERNANDEZ, | |
| Defendant. | **CURRENT TRIAL DATE:** June 30, 2025<br>**PROPOSED TRIAL DATE:** September 29, 2025 |

Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorney Kristin N. Spencer, and defendant JOSE LUIS PEREZ HERNANDEZ ("defendant"), both individually and by and through his counsel of record, Adithya Mani, hereby stipulate as follows:

 1.   The Information in this case was filed on May 7, 2025. Defendant first appeared before a judicial officer of the court in which the charges in this case were pending on April 8, 2025. The

1  Speedy Trial Act, 18 U.S.C. § 3161, originally required that the
2  trial commence on or before July 16, 2025.
3      2.   On May 7, 2025, the Court set a trial date of June 30, 2025
4  and a status conference date of June 13, 2025.
5      3.   Defendant is released on bond pending trial. The parties
6  estimate that the trial in this matter will last approximately 1-2
7  days.
8      4.   By this stipulation, defendant moves to continue the trial
9  date to September 29, 2025 and the status conference date to
10 September 19, 2025.  This is the first request for a continuance.
11     5.   Defendant requests the continuance based upon the following
12 facts, which the parties believe demonstrate good cause to support
13 the appropriate findings under the Speedy Trial Act:
14         a.   Defendant is charged with a violation of 8 U.S.C. §
15 1326(a):  Illegal Reentry.  The government has produced discovery to
16 the defense, including more than 100 pages of reports and
17 immigration-related documents.
18         b.   Defendant is in the custody of Immigration and Customs
19 Enforcement ("ICE") pursuant to the Immigration and Nationality Act
20 and is currently detained at the ICE processing center in Adelanto,
21 California, which is more than 80 miles away from defense counsel's
22 office.
23         c.   In light of the foregoing, counsel for defendant
24 represents that additional time is necessary to confer with
25 defendant, conduct and complete an independent investigation of the
26 case, conduct and complete additional legal research including for
27 potential pre-trial motions, review the discovery and potential
28 evidence in the case, and prepare for trial in the event that a

pretrial resolution does not occur. Defense counsel represents that failure to grant the continuance would deny him reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

       d.   Defendant believes that failure to grant the continuance will deny him continuity of counsel and adequate representation.

       e.   The government does not object to the continuance.

       f.   The requested continuance is not based on congestion of the Court's calendar, lack of diligent preparation on the part of the attorney for the government or the defense, or failure on the part of the attorney for the Government to obtain available witnesses.

    6.   For purposes of computing the date under the Speedy Trial Act by which defendant's trial must commence, the parties agree that the time period of June 30, 2025 to September 29, 2025, inclusive, should be excluded pursuant to 18 U.S.C. §§ 3161(h)(7)(A), (h)(7)(B)(i) and (h)(7)(B)(iv) because the delay results from a continuance granted by the Court at defendant's request, without government objection, on the basis of the Court's finding that: (i) the ends of justice served by the continuance outweigh the best interest of the public and defendant in a speedy trial; (ii) failure to grant the continuance would be likely to make a continuation of the proceeding impossible, or result in a miscarriage of justice; and (iii) failure to grant the continuance would unreasonably deny defendant continuity of counsel and would deny defense counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

7. Nothing in this stipulation shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods be excluded from the period within which trial must commence. Moreover, the same provisions and/or other provisions of the Speedy Trial Act may in the future authorize the exclusion of additional time periods from the period within which trial must commence.

IT IS SO STIPULATED.

Dated: May 20, 2025                     Respectfully submitted,

                                        BILAL A. ESSAYLI
                                        United States Attorney

                                        CHRISTINA T. SHAY
                                        Assistant United States Attorney
                                        Chief, Criminal Division


                                             /s/
                                        KRISTIN N. SPENCER
                                        Assistant United States Attorney

                                        Attorneys for Plaintiff
                                        UNITED STATES OF AMERICA

I am Jose Luis Perez Hernandez's attorney. I have carefully discussed every part of this stipulation and the continuance of the trial date with my client. I have fully informed my client of his Speedy Trial rights. To my knowledge, my client understands those rights and agrees to waive them. I believe that my client's decision to give up the right to be brought to trial earlier than is an informed and voluntary one.

_____          _____
ADITHYA MANI                            Date
Attorney for Defendant
JOSE LUIS PEREZ HERNANDEZ